<div style="border:1px solid black; text-align:center;">

**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

</div>

| | |
|---|---|
| **BEAUMONT GEREAU,** | |
| Petitioner, | 1:15-cv-00079 |
| v. | Criminal No. 97–1972 |
| **RICK MULGRAVE,** | |
| Respondent. | |
| _____ | |

TO:   Beaumont Gereau, #16-001, *Pro Se*
        **Saguaro Correctional Facility**
        **1252 E. Arica Road**
        **Eloy, Arizona 85131**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court upon the Order (ECF No. 13) of Chief Judge Wilma A. Lewis in 1:15-cv-00079 referring Petitioner Beaumont Gereau's *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241[1] (ECF No. 1) to the undersigned for a report and recommendation. For the reasons that follow, the undersigned recommends that Petitioner's motion be denied.

**I.    LEGAL STANDARD**

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate

---

[1] All citations to the United States Code are to the electronic version that appears in Lexis.

*Gereau v. Mulgrave*
1:15-cv-00079; Criminal No. 97–1972
Report and Recommendation
Page 2

release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Where it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254.[2]

A petitioner's *pro se* pleading is construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nonetheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## II.   DISCUSSION

Having participated in a robbery that left eight people dead and four people wounded, Beaumont Gereau (Gereau) was convicted under Virgin Islands laws of murder, assault, and robbery. He was sentenced to life in prison. Judgment and Commitment, entered August 13, 1973; *see also Gov't of V.I. v. Gereau*, 502 F.2d 914, n.1 (3d Cir. 1974). Directly after his conviction and sentencing Gereau was transferred off the island of St. Croix to a federal prison located in the continental United States.[3]

---

[2] Numerous courts within the Third Circuit have followed this interpretation of Rule 4 and dismissed habeas petitions upon an initial screening, whether the petition was filed pursuant to Section 2254 or 2241. *See, e.g*, *Shaw v. Wynder*, 2008 U.S. Dist. LEXIS 111813 (E.D. Pa. August 20, 2008); *Craig v. Rozum*, 2008 U.S. Dist. LEXIS 26901 (E.D. Pa. April 2, 2008); *Watson v. Wynder*, 2007 U.S. Dist. LEXIS 98920 (E.D. Pa. November 27, 2007); *Porte-Yanes v. Lore*, 2007 U.S. Dist. LEXIS 72130 (M.D. Pa. September 27, 2007).

[3] "Thirty minutes after the verdicts were returned and the jury polled, Judge Young reconvened court and imposed sentences on the defendants." *Government of the Virgin Islands v. Gereau*, 502 F.2d 914, 936 (3d Cir. 1974), *cert. denied*, 420 U.S. 909 (1975). "Upon being sentenced, the appellants were immediately sent to the Presidio Penitentiary in Rio Piedras, Puerto Rico. Soon thereafter they were placed in the custody of the

*Gereau v. Mulgrave*
1:15-cv-00079; Criminal No. 97–1972
Report and Recommendation
Page 3

Gereau challenges his transfer from a federal prison to a state prison. The transfer he complains of appears to be an ordinary, administrative, garden-variety transfer that is the reality of prison life—one that does not trigger constitutional protections. Gereau's complaint is singularly focused on the fact that he was transferred, raising no other issues such as level of custody or conditions of confinement.

Gereau is in custody pursuant to his Territorial (state) court conviction and sentence. The appropriate vehicle for a state prisoner to challenge the validity of his custody is not § 2241 but rather § 2254. The Court will therefore recommend that Gereau's § 2241 petition be denied for lack of jurisdiction or, in the alternative, re-styled as a § 2254 petition. *See Conners v. Ala. Bd. of Pardons & Paroles*, 2017 U.S. Dist. LEXIS 184332 (M.D. Ala. Nov. 6, 2017); *accord Roberts v. Nelson*, 2017 U.S. Dist. LEXIS 195835 (D.N.J. Nov. 29, 2017).

In the event his petition is restyled as a § 2254, his petition should be denied for failure to state a claim as his arguments are meritless. First, he claims that the federal government "relinquished jurisdiction" when the Federal Bureau of Prisons (BOP) "stripped him of his federal prison number" and transferred him to a state prison facility. (ECF No. 1). The BOP, though housing him for the Virgin Islands Bureau of Corrections (BOC), had only physical, not constructive custody over Gereau. In *Ali v. Gibson*, Gereau and his co-Defendants challenged the BOC's authority to transfer them. In this case, the Third

---

Attorney General of the United States for service of their sentences pursuant to a contractual agreement between the Attorney General and the territorial government of the Virgin Islands, executed under authority of 18 U.S.C.A. § 5003." *United States ex rel. Gereau v. Henderson*, 526 F.2d 889, 892 (5th Cir. 1976).

*Gereau v. Mulgrave*
1:15-cv-00079; Criminal No. 97–1972
Report and Recommendation
Page 4

Circuit held that the BOC Commissioner had not relinquished his control over the prisoners when he transferred them to the care and control of the BOP, and that he retained the authority to order them "returned to the Virgin Islands at any time." *Ali v. Gibson*, 631 F.2d 1126, 1131 (3d Cir. 1980), *cert. denied*, 449 U.S. 1129 (1981).

Next, Gereau claims that because the Government of the Virgin Islands "did not trie, (sic) convict, sentence, and imprison him" and was "never [his] primary custodian," he is being held illegally in a state prison. (ECF No. 1) This is also factually and legally inaccurate. The structure of the court system at the time of Gereau's trial was such that a person charged with Territorial crimes could be tried by the Territorial Court or by the Federal District Court. Gereau was charged with Territorial crimes, tried in the District Court, and sentenced to serve his time at the pleasure of the BOC. Gereau was then transferred to a federal prison pursuant to an agreement between the BOC and the BOP. The issue of Gereau's initial transfer to federal prison was litigated in 1976. In that case, the District Court found no abuse of discretion by the prison authorities in transferring prisoners to the BOP from the Virgin Islands prison system and the Court of Appeals affirmed. *United States ex rel. Gereau v. Henderson*, 526 F.2d 889 (5th Cir. 1976).

Gereau also claims that his transfer offends the Constitution and violates the Universal Declaration of Human Rights. In 2014 and again in 2017, prisoners housed in Third Circuit prisons tested the constitutionality of their administrative transfers. Like Gereau's claim that his transfer from a federal prison to a state prison violated his

*Gereau v. Mulgrave*
1:15-cv-00079; Criminal No. 97–1972
Report and Recommendation
Page 5

constitutional rights, prisoners Crawford and Njos argued that their transfers offended the

Constitution. The courts were not persuaded:

> [I]t has long been recognized that prison transfer decisions, standing alone, do not constitute cruel and unusual punishment in violation of the Eighth Amendment to the Constitution. See, e.g., *Hassain v. Johnson*, 790 F.2d 1420 (9th Cir.1986); *Serrano v. Torres*, 764 F.2d 47 (1st Cir.1985). Even inmate transfers to facilities far from their homes do not rise to the level of cruel and unusual punishment. *See, e.g., Government of the Virgin Islands v. Gereau*, 592 F.2d 192, 16 V.I. 87 (3d Cir.1979) (transfer from Virgin Islands to mainland); *Rodriguez—Sandoval v. United States*, 409 F.2d 529 (1st Cir.1969) (transfer from Puerto Rico to Atlanta). In sum, well-settled law establishes that prisoners have no inherent constitutional right to placement in any particular prison, to any security classification, or to any particular housing assignment. *See Olim v. Wakinekona*, 461 U.S. 238, 245, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Meachum v. Fano*, 427 U.S. 215 225, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); *Montanye*, 427 U.S. at 242; *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48 (5th Cir.1995); *Marchesani v. McCune*, 531 F.2d 459 (10th Cir.), *cert. denied*, 429 U.S. 846, 97 S. Ct. 127, 50 L. Ed. 2d 117 (1976). Simply put, as a legal matter the plaintiff has no constitutional right to choose his prison.

*Njos v. Bureau of Prisons*, 2017 U.S. Dist. LEXIS 86720, at *23-24 (M.D. Pa. June 5, 2017) (quoting *Crawford v. While*, 2014 U.S. Dist. LEXIS 129337, at *6 (M.D. Pa. Sept. 16, 2014)).

Finally, Gereau asserts that in light of his release from the BOP, his illegal transfer, and the attendant constitutional violations, he is entitled to "immediate and unconditional release." (ECF No. 1). For the reasons outlined above, this assertion is also groundless.

### III.     CONCLUSION

Based upon the foregoing, IT IS HEREBY RECOMMENDED that Beaumont Gereau's Petition for Writ of Habeas Corpus be **DENIED**.

*Gereau v. Mulgrave*
1:15-cv-00079; Criminal No. 97–1972
Report and Recommendation
Page 6

Any objections to this Report and Recommendation must be filed in writing within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. 28 U.S.C. § 636(b)(1); LRCi 72.3.

ENTER:

Dated: May 4, 2018    /s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
MAGISTRATE JUDGE